PLUMMER V REEVES

NO. 07-05-0177-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B 

SEPTEMBER 1, 2005

______________________________

IN THE INTEREST OF B.S.D.C. AND K.R.M., MINOR CHILDREN

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 57,952-2; HONORABLE PAMELA SIRMON, PRESIDING

_______________________________

ON MOTION TO DISMISS

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Lorenza Lopez, appellant, and Katsiya Vilayouth f/n/a Phoutthaboupha Chanthavly McCuistion, appellee, by and through their attorneys, have filed a motion to dismiss this appeal because the parties have fully compromised and settled all issues in dispute and neither desire to pursue the appeal.  Without passing on the merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure 42.1(a)(2) and dismiss the appeal.  Having dismissed the appeal at the parties’ request, no motion for rehearing will be entertained, and our mandate will issue forthwith.  

Brian Quinn

          Chief Justice Rules of Appellate Procedure.  Appellant’s counsel, Maxwell C. Peck, has previously filed three motions for extension of time to file Appellant’s brief; however, neither the brief nor a response was filed to this Court’s January 3 notice. 

Therefore, we now abate this appeal 
and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine:  

1.   whether Appellant desires to prosecute the appeal;

if Appellant desires to prosecute this appeal, then whether Appellant is indigent; 

3. whether present appointed counsel should be replaced; and

what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss this appeal if Appellant no longer desires to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. 

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant does want to continue the appeal and the court determines that present counsel should be replaced, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court.  Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders to be included in a supplemental clerk's record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by February 20, 2007.

It is so ordered.

Per Curiam

Do not publish.